Gibson *v.* Gibson, Appellant.

Argued April 22, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Kenneth W. Behrend,* for appellant, submitted a brief.

*Franklyn E. Conflenti,* with him *S. V. Albo,* for appellee.

OPINION BY GUNTHER, J., July 13, 1954:

Marion Gibson filed suit in divorce against Henrietta Gibson, setting forth as grounds, cruel and barbarous treatment and indignities to his person as to render his condition intolerable and life burdensome. Willard Agnew, Esquire, was appointed master, took testimony and filed his report containing findings of fact, conclusions of law, and the recommendation that a decree in divorce be granted on the ground of indignities to the person. The respondent filed exceptions to the master's report. The court considered the exceptions ex parte respondent, examined the pleading, the master's report and the testimony. The opinion of the court sustained the master's findings of fact and conclusions of law and approved the report. Exceptions ex parte respondent were dismissed and a decree in divorce was entered.

264

There is clear evidence that respondent used abusive and profane language, and subjected her husband to physical abuse and made accusations of infidelity without grounds. The witnesses who testified for the husband plaintiff corroborated him in one or more of his charges. The respondent attempted to show that the plaintiff was not an innocent spouse because he operated an illegal lottery. The evidence clearly indicates that the number writing was not the basis of their marital difficulties. Henrietta Gibson, respondent: "Q. And the same thing happened at Monticello Street property, where he put his name and your name on the property? A. I don't know whether you call it his funds or not. I gave him the number, and he got lucky and hit. Q. You had no objection to numbers? A. No. Q. You played numbers? A. No, I had the number and gave it to him." The respondent also argues that plaintiff was not an innocent spouse; that her actions, vile language and abuse heaped upon her husband were brought about by the husband's actions; that he provoked her into acting as she did; that he was the cause of all the trouble during the marriage.

Upon examination of the entire record we disagree with the contention of the respondent. The record and the testimony is sufficient to sustain the decree granting the divorce on the grounds of indignities.

Decree is affirmed.